City of Raleigh v. Riley

CITY OF RALEIGH v. PHYLLIS BOWEN RILEY

No. 8210SC1008

(Filed 1 November 1983)

1. **Eminent Domain § 7.1— attempt to delete road from State highway system—findings supported by evidence**

In a condemnation proceeding, a finding by the trial court that the deletion of a road from the State highway system by the Board of Transportation "was premised upon the city's assertion that the requested deletions were the result of 'annexation or changing of municipal corporate limits,'" was supported by the evidence.

2. **Eminent Domain § 7.1; Highways and Cartways § 4; Judgments § 35.1— condemnation action—prior judgment as res judicata—city road as part of State highway system**

In a condemnation proceeding, a prior judgment which found that the city was required to comply with G.S. 136-66.3 and reach an agreement with the state before proceeding with a condemnation project was *res judicata* with respect to the present action since no appeal was taken from the dismissal of that action and its validity was not challenged.

3. **Eminent Domain § 7.1; Highways and Cartways § 4; Judgments § 35.1— condemnation proceedings—res judicata effect of prior judgment limited**

The prior judgment in a condemnation proceeding was *res judicata* only to the extent that the city road continued to be a part of the State highway system within a municipality. A prior judgment found the city's attempt to delete the city road from the State highway system to be ineffectual; however, obtaining a deletion remains a viable alternative to reaching an agreement with the Department of Transportation pursuant to G.S. 136-66.3 after the entry of the prior judgment.

4. **Eminent Domain § 7.1— condemnation proceeding—improper procedure in obtaining deletion of city road from State highway system—abuse of discretion properly found**

The trial court properly found the city abused its discretion when it, whether by design or neglect, failed to properly execute its duty under G.S. 136-66.1 and G.S. 136-66.2 since the information provided the State Board of Transportation concerning the deletion of a road in the city from the State highway system was either erroneous or insufficient.

APPEAL by plaintiff and cross-appeal by defendant from *Battle, Judge.* Judgment entered 5 May 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 24 August 1983.

This is a civil action wherein plaintiff seeks to condemn the property of defendant pursuant to acquisition of the rights-of-way for the construction of a road.

The following summary and drawings[1] are helpful to an understanding of the case: The project, with respect to which the rights-of-way are sought in this case, is known as the Oberlin-Ferndell Connector. Oberlin Road runs roughly north-south between Hillsborough Street and Glenwood Avenue, which both run roughly east-west at the point of intersection with Oberlin Road. The project involves a one block segment of Oberlin Road between Hillsborough Street to the south and Clark Avenue to the north. Clark Avenue also runs east-west. The project calls for the relocation of the southern terminus of Oberlin Road one block to the west of where it currently intersects Hillsborough Street. The proposed southern terminus of Oberlin will be directly opposite the northern terminus of Pullen Road, which runs north-south. The present southern terminus of Oberlin Road is not directly across from an intersecting road, requiring north-south traffic to travel for one block on Hillsborough Street and make a left turn across two lanes of oncoming traffic in order to make the transition from Oberlin Road to Pullen Road and vice-versa. The southern terminus of Pullen Road and the northern terminus of Oberlin Road are both means of access to major state and interstate routes.

Ferndell Lane is a one-half block north-south dead end street that intersects Hillsborough Street directly across from the northern terminus of Pullen Road. In the project, Oberlin Road would be relocated so as to run from its present intersection with Clark Avenue to where Ferndell Lane dead ends and then co-linearly with Ferndell Lane to its intersection with Hillsborough. The project will necessarily entail some degree of realignment of the one block segment of Oberlin Road. As proposed, the realignment would involve an unequal bisection of defendant's 52,000 square foot lot, leaving two lots on the east and west sides of the proposed road of approximately 14,000 and 22,000 square feet, respectively, and taking approximately 16,000 square feet for the rights-of-way.

The project is designed to facilitate the traffic flow on the Oberlin Road Pullen Road north-south corridor between Glenwood Avenue and Western Boulevard, both major east-west corridors

---

1. The drawings were prepared by the Court of Appeals on the basis of facts appearing in the record on appeal.

**City of Raleigh v. Riley**

Figure 1:  Existing Street Pattern

City of Raleigh v. Riley

Figure 2: Proposed Street Pattern

that connect to major state and interstate highways as well as to downtown Raleigh's business section and state government complex. The Oberlin-Pullen corridor is adjacent to the Cameron Village Shopping Center and North Carolina State University, the state's largest university. Because of its character as a major north-south traffic corridor, Oberlin Road is included in the State highway system pursuant to G.S. 136-66.1(1), regarding the character of municipal roads included in the State highway system.

On 10 July 1978, plaintiff filed a condemnation action against defendant, seeking to condemn her property and acquire the rights-of-way necessary for the Oberlin-Ferndell project. Defendant answered and moved to dismiss on the grounds that plaintiff had failed to comply with G.S. 136-66.3, requiring the Department of Transportation and the municipality to reach an agreement before acquiring the rights-of-way for construction or improvement projects on State highway system roads within municipalities. In June of 1979, in response to defendant's motion, the city asked the State Board of Transportation to remove the one-block segment of Oberlin Road between Clark Avenue and Hillsborough Street from the State highway system. On 8 June 1979, the Board granted the request, effective 30 June 1979. Minutes from the meeting of the Board of Transportation show that the Administrator of State Highways stated that the deletion was based on annexation by the city.

The matter came for trial on 29 July 1980. On the basis of the facts and evidence summarized above, the court made the following pertinent conclusions of law:

3. That on July 10, 1978, the date of the commencement of this action, Oberlin Road was a part of the State Highway System and, accordingly, the Plaintiff, City of Raleigh, by the provisions of G.S. 136-66.3 was required to reach agreement with the Department of Transportation before acquiring right-of-way for the relocation of Oberlin Road and construction of the Oberlin-Ferndale [sic] Connector, the project for which the Defendant's property is sought to be condemned.

4. That the Department of Transportation, in the absence of the agreement required by G.S. 136-66.3, retained the au-

thority to acquire right-of-way for Oberlin Road, a State Highway System street.

5. That the Plaintiff, City of Raleigh, sought to delete Oberlin Road from the State Highway System and the Department of Transportation purportedly deleted such segment of Oberlin Road from the State Highway System; however, such action by the Department of Transportation did not occur until June 8, 1979, approximately one year after the filing of this action and more than six months after the Defendant moved to dismiss for failure to comply with the provisions of G.S. 136-66.3.

Based on the foregoing conclusions, the trial court granted the defendant's motion to dismiss.

On 20 January 1981, the Raleigh City Council adopted a resolution calling for the condemnation of defendant's land pursuant to the above-described Oberlin-Ferndell connector project. The present action was initiated on 4 May 1981 when the city filed an action, pursuant to G.S. 136-103, seeking to condemn defendant's property.

Preliminary work on the construction phase of the Oberlin-Ferndell connector project had begun on 2 June 1981. On 17 July 1981, defendant answered and moved for a temporary restraining order and for preliminary and permanent injunctions. The temporary restraining order was granted and, on 12 August 1981, the trial court issued a preliminary injunction requiring plaintiff to cease work on the project pending the outcome of the trial on the merits. In its answer, defendant also moved to dismiss the action on the same grounds as the first action: the city's failure to comply with G.S. 136-66.3.

The matter came on for a non-jury trial in April, 1982. Plaintiff and defendant presented evidence and testimony and the court viewed defendant's property. On 5 May 1982, the court entered judgment, again dismissing plaintiff's action for failure to comply with G.S. 136-66.3. The court made extensive findings of fact, summarizing the procedural and factual history of the controversy as described above and finding in addition:

10. As a result of the Answer of the Defendant, the Raleigh City Council adopted a resolution on May 1, 1979, requesting the State Department of Transportation to delete from the

State Highway System that portion of Oberlin Road between Clark Avenue and Hillsborough Street (Oberlin Road has been a part of the State Highway System since 1965). This request was sent by the City of Raleigh to the Department of Transportation along with a number of other requests for the deletion of streets. The request was granted by the State Board of Transportation on June 8, 1979, effective June 30, 1979, and was premised upon the City's assertion that the requested deletions were the result of "annexation or changing of Municipal Corporate Limits." Of course, the segment of Oberlin Road between Hillsborough Street and Clark Avenue was not in proximity to any City of Raleigh annexation nor was it impacted in any manner by "Changing Municipal Corporate Limits." In fact, the action of the City of Raleigh in seeking deletion of that segment of Oberlin Road lying between Hillsborough Street and Clark Avenue from the State Highway System was an attempt by the City of Raleigh to avoid the requirements of G.S. 136-66.3, and the defense raised by the Defendant in the pending condemnation case. No rational basis exists or existed for the deletion of this segment of Oberlin Road from the State Highway System. The deletion of this approximate one block area violates the spirit and intent of G.S. 136-66.1.

. . . .

12. . . . The attempt by the City of Raleigh to delete the one block area in question is in fact a nullity because the removal was not based on any facts that would justify the removal under the provisions of G.S. 136-66.1 and G.S. 136-66.2.

The court also found that the judgment of 5 December 1980, dismissing the first action, constituted the law of the case.

Based on its findings, the court concluded: (1) That the decision in the prior action was binding in the instant proceeding and that the city had failed to comply with it, in that it had failed to reach an agreement with the Department of Transportation as required by G.S. 136-66.3. (2) That the attempted deletion was null and void because the city had not furnished proper information to the Department of Transportation in making the request and that no valid basis existed for the deletion. (3) That the Department of Transportation was responsible for any maintenance, or improve-

ment, or construction on Oberlin Road. (4) That the city must reach an agreement with the Department of Transportation pursuant to G.S. 136-66.3 prior to undertaking the Oberlin-Ferndell project and that, because it had failed to do so, it was not entitled to maintain the present action. (5) That the attempted deletion of Oberlin Road from the State highway system was the city's only abuse of discretion and was not sufficient to warrant the issuance of a permanent injunction.

From this judgment, plaintiff appealed and defendant cross-appealed.

*Associate City Attorney Francis P. Rasberry, for plaintiff appellant and cross-appellee.*

*Hunter, Wharton & Howell, by W. Brian Howell, for defendant appellee and cross-appellant.*

JOHNSON, Judge.

I

[1] Most of the material facts in this case are not in dispute and have been stipulated to by the parties. On appeal, however, plaintiff excepts to and assigns as error the finding by the trial court that the deletion of Oberlin Road from the State highway system by the Board of Transportation "was premised upon the city's assertion that the requested deletions were the result of 'annexation or changing of municipal corporate limits.'" The city contends that this finding is not supported in the record by competent, substantial and material evidence. Our review of the record on appeal shows this contention to be without merit. The following stipulation appears in the record:

> 28. *June 8, 1979.* The North Carolina State Board of Transportation voted to remove Oberlin Road from Hillsborough Street to Clark Avenue from the State Highway System. Board minutes indicate that Administrator Rose stated that the deletions acted upon were the result of annexation and changing municipal corporate limits.

Also in the record is the testimony in narrative form of James Blackburn, Transportation Director for plaintiff City of Raleigh and an expert in the field of transportation. Upon direct examina-

tion by defendant, Mr. Blackburn testified as an adverse witness as follows:

> Oberlin is a State designated highway at this point from Clark Avenue north to Wade Avenue. And the inclusion of a municipal highway in the state system does indicate it's important both as an integral part of the State traffic network as well as a municipal collector.

> . . . .

> And in the process of the submission that was made to the State of North Carolina [the city] indicated that there were a number of deletions being requested as a result of changing municipal boundaries. This deletion was not the result of changing municipal boundaries, so that statement was incorrect, and it was not the result of an annexation, so that statement also was incorrect. . . .

It is well established in North Carolina that the trial court's findings of fact in a non-jury trial are conclusive on appeal if supported by any competent evidence. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975); *Alpar v. Weyerhaeuser Co.*, 20 N.C. App. 340, 201 S.E. 2d 503, *cert. denied*, 285 N.C. 85, 203 S.E. 2d 57 (1974). Here, plaintiff attempts to discount the evidentiary value of the stipulation and testimony by referring to them as "scraps" of "inconsequential" and "circumstantial" evidence. Regardless of plaintiff's characterization of it, the evidence in the record is uncontradicted. Furthermore, plaintiff has failed to show how the evidence is incompetent, immaterial, or insubstantial. We, therefore, overrule plaintiff's contention and hold that the trial court's finding of fact is supported by the evidence.

II

The remaining questions in this appeal deal with the application of the law to the established facts. In this respect, plaintiff excepts to and assigns as error certain of the court's conclusions of law on the grounds that they are not supported by the findings of fact. Specifically, plaintiff argues (1) that the trial court's conclusions with respect to the city's legal rights and obligations are based on incorrect interpretations of the law, and (2) that, in any event, the facts do not support the court's conclusions that the plaintiff did not act in conformity with the law. Therefore, plain-

tiff contends the trial court incorrectly granted defendant's motion to dismiss.

Defendant contends that the trial court correctly applied the law to the facts found and that the conclusions drawn warranted the judgment of dismissal. Defendant also argues that the trial court correctly concluded that the effect of the 5 December 1980 judgment was to require the city to comply with G.S. 136-66.3 and reach an agreement with the Department of Transportation and that this was the *only* means then available to the city for proceeding with the Oberlin-Ferndell project.

a.

The arguments of both parties present for our review the single question of whether the facts support the conclusions of law.

[2] We first consider the legal effect of the 5 December 1980 judgment dismissing plaintiff's initial action. The trial court in the instant proceeding concluded that the prior judgment was *res judicata* with respect to the present action and that the city was required thereby to comply with G.S. 136-66.3 and reach an agreement with the state before proceeding with the Oberlin-Ferndell project. Plaintiff does not contest the *res judicata* effect of the prior judgment, but maintains that it is misapplied in the present context. We do not agree.

General Statute 136-66.3(a) reads as follows:

When any one or more street construction or improvement projects are proposed on the State highway system in and around a municipality, the Department of Transportation and the municipal governing body shall reach agreement on their respective responsibilities for the acquisition and cost of rights of way necessary for such project or projects.

The court in the prior judgment concluded that G.S. 136-66.3 applied in that action because, at the time the action was commenced, the segment of Oberlin Road involved was part of the State highway system. That prior judgment found and concluded that the purported deletion of Oberlin Road from the State highway system was ineffectual with respect to that action. No appeal was taken from the dismissal of that action and its validity

is not being challenged here. Therefore, it is *res judicata.* Assuming, then, that the 5 December 1980 judgment correctly concluded that Oberlin Road remained in the State highway system, the further requirement that the city reach an agreement with the Department of Transportation before proceeding with any work on the Oberlin-Ferndell project was the correct application of the law. *But see Armbrister v. City of Norman,* 344 P. 2d 665 (Okla. 1959) (statute authorizing agreement between city and state does not require such an agreement where improvements to a state highway system street within a municipality are funded entirely by the city). Since the city had not entered into an agreement with the state prior to initiating the first condemnation action, on the basis of the statute, that action was properly dismissed.

b.

[3] We next consider plaintiff's exceptions to the trial court's conclusions of law that the prior judgment, in addition to dismissing the first condemnation action, had the further effect of precluding the city from choosing alternatives other than reaching a formal agreement with the Department of Transportation pursuant to G.S. 136-66.3 before proceeding with the Oberlin-Ferndell project. This may indeed be the practical effect of the prior judgment, as defendant contends. However, our interpretation of that judgment and review of the record in this appeal discloses no factual or legal foundation for either the trial court's conclusion or defendant's contention. While the prior judgment is *res judicata,* we interpret it as controlling *only* in the event and to the extent that Oberlin Road continued to be a part of the State highway system within a municipality. Insofar as the trial court's conclusions of law in the present action are inconsistent with that interpretation, they are incorrect and plaintiff's assignments of error with respect to them are well taken.

We note also that G.S. 136-66.3, by its own terms, applies to "construction or improvement projects . . . proposed on the State highway system in and around municipalities." It does not apply to streets within municipalities that are not part of the State highway system or that have been properly deleted therefrom. This is consistent with plaintiff's contention that obtaining a deletion was a viable alternative to reaching an agreement with the Department of Transportation, pursuant to G.S. 136-66.3. This

alternative remained available to the city after the entry of the prior judgment. A contrary holding would simply lack legal or logical support. *See generally* Annot., 144 A.L.R. 307 (1943); 63 C.J.S., Municipal Corporations, § 1044.

## III

[4] The city excepts to and assigns as error those portions of the findings of fact and conclusions of law that hold that its actions in obtaining the deletion of the one block segment of Oberlin Road from the State highway system were improper and constituted an abuse of discretion. The city contends that its request for the deletion was a routine procedure undertaken in good faith as an alternative to an agreement with the Department of Transportation. We have already determined that the court correctly found from the evidence that the deletion was premised on annexation. We now consider whether this finding of fact warrants the conclusions of law that the city's actions in obtaining the deletion were improper.

We note at the outset that the statutes are not explicit with regard to the proper procedure for obtaining the deletion of municipal roads from the State highway system. Our research has disclosed no administrative regulations on this point and no directly applicable authority has been cited by either party. We therefore look to the language of the various statutes.

General Statute 136-66.1, dealing with the division of responsibility for streets within municipalities, reads in pertinent part, as follows:

(1) The State Highway System.—The State highway system inside the corporate limits of municipalities shall consist of a system of major streets and highways necessary to move volumes of traffic efficiently and effectively from points beyond the corporate limits of the municipalities through the municipalities and to major business, industrial, governmental and institutional destinations located inside the municipalities. . . . [T]he respective responsibilities of the Department of Transportation and the municipalities for the acquisition and cost of rights-of-way for State highway system street improvement projects shall be determined by mutual agreement between the Department of Transportation and each municipality.

General Statute 136-66.2, dealing with the development of a coordinated street system, reads as follows:

> (a) Each municipality, with the cooperation of the Department of Transportation, shall develop a comprehensive plan for a street system that will serve present and anticipated volumes of vehicular traffic in and around the municipality. . . .

> (b) . . . As a part of the plan, the governing body of the municipality and the Department of Transportation shall reach an agreement as to which of the existing and proposed streets and highways included in the plan will be a part of the State highway system and which street will be a part of the municipal street system.

The pertinent language of G.S. 136-66.3 had been quoted above.

When read together, these statutes indicate that a municipal street or road is included within the State highway system because it possesses certain characteristics that distinguish it from other streets in the municipality. From the language in the applicable statutes, these characteristics relate primarily to the *function* served by the particular street. In contrast, public roads not within municipalities are part of the State highway system not because of their function, but because of their *geographical location* outside the corporate limits of a municipality. Thus, there is a qualitative distinction between roads which are a part of the State highway system because they are not within a municipality and roads which are in a municipality but are nevertheless part of the State highway system because of the function they serve. It follows logically that the reasons justifying deletion of a street from the state system and incorporating it into a municipal system will vary according to the reasons why it was in the state system to begin with. *See generally,* Annot., 144 A.L.R. 307, *supra.*

The evidence here shows that the one block segment of Oberlin Road between Hillsborough Street and Clark Avenue was included in a list of other streets with respect to which the City of Raleigh was seeking deletion from the State highway system because they were in areas that had recently been annexed or otherwise been made part of the city. Since 1965, Oberlin Road has been part of the State highway system. It was included

therein at the request of the city presumably because it bears the functional characteristics specified in G.S. 136-66.1. Indeed, the Oberlin-Ferndell project is designed to improve the functional efficiency of the Oberlin-Pullen north-south traffic corridor.

However, the fact that Oberlin Road was functionally distinct from the other streets and roads with respect to which deletion was sought was nowhere noted in the request for deletion made to the Board of Transportation or on the list of roads that were the subject of the request. The Board acted on the requested deletions on the mistaken premise that the roads listed in the request were in areas that had been annexed. Clearly, on the basis of these facts, the deletion of Oberlin Road was based on erroneous information.

. The city points out that the law presumes that a public official or governing body will discharge its duty in a regular manner and act within its delegated authority. *Electric Membership Corp. v. Alexander*, 282 N.C. 402, 192 S.E. 2d 811 (1972); *In re Housing Authority*, 233 N.C. 649, 65 S.E. 2d 761 (1951). The law also presumes that the public official will act in good faith. *Housing Authority v. Wooten*, 257 N.C. 358, 126 S.E. 2d 101 (1962). These presumptions favoring the propriety of official acts may be overcome by evidence of irregularity or failure to perform an official duty properly. *In re Annexation Ordinance*, 284 N.C. 442, 202 S.E. 2d 143 (1974). Where, as here, the act involves an exercise of discretion, the courts will not interfere with an official action unless there is a clear showing of an abuse of discretion. *Sykes v. Belk*, 278 N.C. 106, 179 S.E. 2d 439 (1971); *see generally* 10 Strong's N.C. Index 3d, Public Officers, §§ 8, 8.1 (1977); 3 McQuillan, Municipal Corps. 3d, § 12.126 (1982).

The city maintains that the requested deletion of Oberlin Road from the State highway system was a routine matter undertaken in good faith. Yet, as made, the request completely ignores the important functional distinction between Oberlin Road and the other roads on the list, all of which were in areas that had recently been made part of the city. For the reasons set forth above, this functional distinction, provided for by law, warrants consideration when requests are made at least so that the deletions, if granted, will be premised on the proper grounds.

Since the city's request for the deletion of Oberlin Road from the State highway system was a discretionary act, the city is presumed to have acted in good faith. *In re Annexation Ordinance, supra.* Good faith in this context required the city to furnish to the Board of Transportation sufficient information to allow it to make a proper decision. The facts, however, show that the information provided was either erroneous or insufficient. Whether by design or neglect, the city has failed to properly execute its duty under the law and has thereby manifestly abused its discretion. The trial court's conclusions in this regard are correct and plaintiff's assignments of error are overruled. Except insofar as modified above, the judgment appealed from is affirmed.

## IV

Because we have affirmed the judgment of the trial court and have found no error prejudicial to defendant, we need not consider any of the arguments brought forward in defendant's cross-appeal. Rule 10(d), N.C. Rules App. Proc. (Cum. Supp., 1981).

Affirmed.

Judges WHICHARD and EAGLES concur.