REDEVELOPMENT COMMISSION OF GREENSBORO, Plaintiff v. ANDREW R. JOHNSON; and Wife, DIANE B. JOHNSON; CITY OF GREENSBORO; and COUNTY OF GUILFORD, Defendants

No. COA97-1096

(Filed 2 June 1998)

### Municipal Corporations § 209 (NCI4th)— urban redevelopment—vacant land taken—not arbitrary

The trial court did not err in finding that the Commission had not acted arbitrarily or capriciously by condemning defendants' vacant land for a redevelopment plan or by finding that defendants' allegations of an unconstitutional taking were inadequate. Although defendants contended that the Commission abused its discretion and acted arbitrarily and capriciously in condemning defendants' land without giving them an equal opportunity with other landowners to redevelop their properties in accordance with the Redevelopment Plan, there is an absence of authority for requiring a redevelopment commission to articulate its reasons for condemning or not condemning particular tracts of land. Moreover, defendants fail to offer evidence demonstrating that the Commission abused its discretion by condemning their property and the finding by the trial court that there was insufficient evidence of arbitrariness or capriciousness on the part of the Commission demonstrates an adequate application of the abuse of discretion standard of review. Finally, defendants' conclusionary allegation did not adequately present a constitutional due process question and, even assuming that a constitutional ques-

REDEVELOPMENT COMM'N OF GREENSBORO v. JOHNSON

[129 N.C. App. 630 (1998)]

tion was raised by their answer, defendants' evidence did not demonstrate an unconstitutional taking.

Judge GREENE concurring in the result.

Appeal by defendants Andrew R. Johnson and Diane B. Johnson from order entered 1 May 1997 by Judge H. W. Butch Zimmerman in Guilford County Superior Court. Heard in the Court of Appeals 22 April 1998.

On 15 March 1996, plaintiff Redevelopment Commission of Greensboro ("the Commission") filed a Complaint for Condemnation of two vacant lots owned by Andrew Johnson and his wife, Diane (collectively "defendants"), and located within the Benjamin Benson Street Area at 906 and 912 High Street in Greensboro. The Benjamin Benson Street Area was certified by the Greensboro Planning Board on 6 December 1992 as a "blighted area" within the meaning of N.C. Gen. Stat. § 160A-503(2) (1994), and a redevelopment plan was prepared for the area. However, the Commission did not seek to condemn all of the property located within the area; instead, the Commission permitted several property owners within the area to retain ownership of their property and to redevelop it in accordance with the redevelopment plan. In their answer, defendants acknowledged that a redevelopment plan had been approved and adopted for the area but denied the right of the Commission to condemn their property. They alleged that, although their property was vacant, it was not blighted and that, because the redevelopment plan would not change the zoning of their property, they could develop the property in accordance with the plan as easily as the Commission could. Defendants further alleged that the condemnation of their property amounted to an unconstitutional taking. On 1 May 1997, the trial court entered an order vesting title to and possession of the property in the Commission, specifically finding that defendants' allegations of an unconstitutional taking were inadequate, and that defendants failed to demonstrate that the Commission acted arbitrarily or capriciously by condemning their property. Defendants appealed, assigning error to the findings of fact.

*Walter T. Johnson, Jr. Law Office, by Walter T. Johnson, Jr., for defendant appellants.*

*Coggin, Hoyle, Blackwood & Brannan, by W. Scott Brannan and L. James Blackwood, II, for plaintiff appellee.*

HORTON, Judge.

According to Chapter 160A, Article 22 of the General Statutes, a planning commission, through a properly approved redevelopment plan, may acquire by condemnation properties located in a "blighted area" or a "rehabilitation, conservation, and reconditioning area." N.C. Gen. Stat. § 160A-503(2) and (21) (1994); and N.C. Gen. Stat. § 160A-513 (1994). A "rehabilitation, conservation, and reconditioning area" is an area in danger of becoming a "blighted area" or "nonresidential redevelopment area" in the absence of municipal action. N.C. Gen. Stat. § 160A-503(21). A "blighted area" is one

> in which there is a predominance of buildings or improvements (or which is predominantly residential in character), and which, by reason of dilapidation, deterioration, age or obsolescence, inadequate provision for ventilation, light, air, sanitation, or open spaces, high density of population and overcrowding, unsanitary or unsafe conditions, or the existence of conditions which endanger life or property by fire and other causes, or any combination of such factors, substantially impairs the sound growth of the community, is conducive to ill health, transmission of disease, infant mortality, juvenile delinquency and crime, and is detrimental to the public health, safety, morals, or welfare; provided, no area shall be considered a blighted area nor subject to the power of eminent domain, within the meaning of this Article, unless it is determined by the planning commission that at least two thirds of the number of buildings within the area are of the character described in this subdivision and substantially contribute to the conditions making such area a blighted area[.]

N.C. Gen. Stat. § 160A-503(2).

Although defendants alleged that their property is vacant, and thus not blighted, defendants concede in their brief and on oral argument that " 'the fact that some of the lands in an area to be redeveloped under redevelopment laws are vacant lands or contain structures in themselves inoffensive or innocuous does not invalidate the taking of the property . . . .' " *Redevelopment Comm. v. Grimes,* 277 N.C. 634, 640, 178 S.E.2d 345, 349 (1971) (quoting 44 A.L.R.2d 1439). Defendants also concede that, as set forth in N.C. Gen. Stat. § 160A-503(19)(a), the Commission has the authority to acquire by condemnation some, but not all, property located within a "blighted area" for urban renewal purposes. However, defendants contend that the Commission "has abused its discretion and acted arbitrarily and

capriciously in condemning [defendants'] land without giving them an equal opportunity with other landowners to redevelop their properties in accordance with the Redevelopment Plan and retain ownership of their properties."

We note the absence of authority, statutory or otherwise, requiring a redevelopment commission to articulate its reasons for condemning, or not condemning, particular tracts of land. On the contrary, in *Grimes*, our Supreme Court observed that when construing legislation granting the power of condemnation, the courts of this State have held that

> "where the general power to condemn exists, the right of selection as to route, quantity, etc., is left largely to the discretion of the company or corporation, and does not become the subject of judicial inquiry except on allegations of fact tending to show bad faith on the part of the company or corporation or an oppressive and manifest abuse of the discretion conferred upon them by law."

277 N.C. at 641, 178 S.E.2d at 349 (citations omitted). Moreover, "the law presumes that a public official or governing body will discharge its duty in a regular manner and act within its delegated authority." *City of Raleigh v. Riley*, 64 N.C. App. 623, 636, 308 S.E.2d 464, 473 (1983). We therefore conclude the Commission was not required to articulate its reasons for condemning some, but not all, of the property located within the Benjamin Benson Street Area.

We further conclude that defendants have failed to offer evidence demonstrating that the Commission abused its discretion by condemning their property. The Commission maintains, and the preliminary site plan demonstrates, that though the zoning of defendants' property will not be changed, the size and shape of the lots will be replatted. The record indicates that the purpose of replatting these lots is to redevelop five lots on the block on which defendants' property is located into four lots with larger yards. Defendants offered no evidence of their redevelopment plan for the condemned lots. Thus, the trial court correctly found that defendants failed to demonstrate the Commission acted "arbitrarily or capriciously" in condemning their property. The finding by the trial court that there was insufficient evidence of arbitrariness or capriciousness on the part of the Commission demonstrates an adequate application of the abuse of discretion standard of review set out in *Grimes*.

Defendants also attempt to raise a constitutional question by an allegation in their answer that "[t]he Statute does not permit the unconstitutional taking of said property." As the trial court found, that conclusory allegation did not adequately present a constitutional due process question. Even assuming *arguendo* that a constitutional question was raised by their answer, defendants offered only the evidence discussed above and did not demonstrate an unconstitutional taking of their property. The trial court therefore properly vested title to and possession of the property of defendants in the Commission.

Though the purpose of Chapter 160A, Article 22 of the General Statutes is to promote the health, safety and welfare of the inhabitants of our State's urban areas, *see* N.C. Gen. Stat. § 160A-502 (1994), we are not unsympathetic with those whose property is taken by governmental action, even when that action is grounded in the greater public good and adequate compensation is paid. However,

> [i]t is not for the courts to oversee the choice of the boundary line nor to sit in review on the size of a particular project area. Once the question of the public purpose has been decided, the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch.

*Berman v. Parker*, 348 U.S. 26, 35-36, 99 L. Ed. 27, 39 (1954). For the above reasons, the order of the trial court is affirmed.

Affirmed.

Judge LEWIS concurs.

Judge GREENE concurring in the result with a separate opinion.

Judge GREENE concurring in the result.

It is well settled that in the exercise of the power of eminent domain the courts have no authority to interfere or substitute their judgment for the judgment of the legislature with respect to "the selection of a project site." *In re Housing Authority*, 235 N.C. 463, 467, 70 S.E.2d 500, 502 (1952); *Redevelopment Comm. v. Grimes*, 277 N.C. 634, 640, 178 S.E.2d 345, 348-49 (1971); 26 Am. Jur. 2d *Eminent Domain* § 111 (1966). The selection of the project site, however, must not be arbitrary and capricious and that issue is always for the courts; provided there are specific allegations raising that issue in the trial

court. *Housing Authority*, 235 N.C. at 467, 70 S.E.2d at 502. Not only must the pleading allege that the taking is unconstitutional because it is arbitrary and capricious, but facts must also be alleged supporting the claim that the taking is arbitrary and capricious. *See id.* (specific allegations held sufficient to require court to address constitutional question); *Housing Authority v. Wooten*, 257 N.C. 358, 366, 126 S.E.2d 101, 106-07 (1962) (allegations held to be inadequate to raise constitutional question).

In this case, the defendants allege in their answer to the complaint for condemnation that the taking of the property is "unconstitutional." No basis is asserted for the allegation that the taking is unconstitutional.[1] The trial court found as a fact and concluded as a matter of law that the "blanket allegation of an unconstitutional taking is inadequate and insufficient to allege an unconstitutional taking." I agree. Because the allegations are inadequate to raise the issue of whether the taking is arbitrary and capricious, it is not necessary for this Court to address the issue of whether the taking is arbitrary and capricious. For this reason I concur with the majority in affirming the order of the trial court.

---

1. The defendants argue in their brief that because the Commission chose to condemn some of the property in the blighted area and not all of the property, and did so without any explanation, the action was necessarily arbitrary and capricious. I would not address this argument because there are no allegations in the pleadings to support it.